# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN TRAVIS ROGERS,** | ) | |
| | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|     vs. | ) | **Case No. 12-3454-CV-S-RED** |
| | ) | **Crim No. 08-3105-10-CR-S-RED** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Respondent.** | ) | |

## ORDER

Before the Court is Petitioner John Travis Rogers' ("Rogers") Motion Under 28 USC § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1) and Memorandum in Support (Doc. 2). For the following reasons, the Court **DENIES** Petitioner's Motion.

## BACKGROUND

On October 29, 2010, a jury of his peers convicted Rogers of the crime of conspiracy to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine as charged in Count One of the indictment, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The same jury found Rogers not guilty of the crime of use of a communication facility to facilitate a conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine as charged in Count Ten of the indictment. Subsequently, Rogers filed an appeal with Eighth Circuit Court of Appeals and on March 27, 2012, the Eighth Circuit issued its Final Judgment with Mandate affirming the judgment of this Court. After the Mandate was issued, Rogers sought certiorari from the United States Supreme Court which was denied on May 14, 2012. Rogers now seeks post-conviction relief under 28 U.S.C. § 2255.

**ANALYSIS**

Rogers has filed a petition for relief under 28 U.S.C. § 2255. A prisoner in custody may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the grounds that the sentence was in violation of the Constitution or laws of the United States. . . . 28 U.S.C. § 2255. Unless the motion, files, and records of the case conclusively show that the petitioner is entitled to no relief, the court shall cause notice to served on the United States attorney and grant a prompt hearing whereby the court determines the issues and makes findings of fact and conclusions of law with respect to the § 2255 motion. *Id.*

To support his claim for post-conviction relief under § 2255, Rogers claims he was denied the right to effective assistance of counsel. In his petition Rogers raises a single claim. He claims that his counsel, Donald Cooley ("Cooley"), advised him not to plead guilty because Cooley could get him acquitted of the crime of use of a communication facility to facilitate a conspiracy and that accordingly Rogers could not be convicted of the crime of conspiracy.

**I.   Rogers has not met his burden showing that Cooley's performance as counsel was ineffective nor that he was prejudiced by Cooley's performance.**

To prove that he was denied effective assistance of counsel, Rogers must prove that his counsel's "performance was deficient and that the deficiency prejudiced his defense." *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 (8th Cir. 2010)(quoting *Strickland v. Washington*, 466 U.S. 688, 687 (1984)). Deficient performance is defined as performance that "falls below the 'range of competence demanded of attorneys in criminal cases.'" *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "This standard requires [the movant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient

2

performance prejudiced his defense.'" *Nave v. Delo*, 62 F.3d 102, 1035 (8th Cir. 1995)(quoting *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992)).

The second prong of *Strickland* "requires proof 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lawrence* at 115 (quoting *Strickland* at 690). Prejudice requires the petitioner "demonstrate that there is a reasonable probability that the outcome would have been different but for counsel's deficient performance." *Theus*, 611 F.3d at 447. "[A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 132 S. Ct. 1376, 1385, 182 L. Ed. 2d 398 (2012). Thus, the prejudice requirement requires Rogers show that there was a "reasonable probability that, but for counsel's errors, he would [] have pleaded guilty. . . ." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The *Strickland* test also applies to ineffective assistance of counsel claims at the plea hearing stage. *Wright v. Van Patten*, 552 U.S. 120, 124 (2008); *Missouri v. Frye*, 132 S.Ct. 1399, 1405 (2012); *Lafler v. Cooper*, 132 S.Ct. 1376, 1383 (2012). In *Frye* and *Lafler*, the Supreme Court held that a defendant in a criminal case can be denied effective assistance of counsel when counsel's performance is deficient with regard to plea offers and adopted the test used in *Strickland* to determine whether the defendant was denied effective assistance of counsel at the plea stage. *See Frye*, 132 S.Ct. 1399; *Lafler*, 132 S.Ct. 1376.

In *Lafler*, a favorable plea was presented to the client but, on advice of counsel, was rejected. *Lafler* at 1376. After the plea was rejected, there was a full and fair jury trial and the defendant received a harsher sentence than contained in offered plea bargain. *Id*. In *Lafler*, counsel conceded that the advice of counsel regarding the plea offer fell below the standard of effective assistance of counsel and the Court applied *Strickland*'s test to determine if the petitioner was denied the right to effective assistance of counsel. *Id* at 1383-84, 1390-91.

In *Frye*, when considering the issue the Court noted, "[t]he challenge is not to the advice pertaining to the plea that was accepted but rather to the course of legal representation that preceded it with respect to other potential pleas and plea offers. *Frye* at 1406. Specifically, the Court stated:

> defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Frye* at 1409.

In this case, Rogers has not met his burden under *Strickland*, *Frye*, and *Lafler* and accordingly, his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. As discussed above, for Rogers to be successful in his § 2255 action he must show that his " trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense." *Nave v. Delo*, 62 F.2d at 115.

Here, Rogers is not able to satisfy the first prong because he is unable to show "that the

acts or omissions [of Cooley] were outside the wide range of professionally competent assistance." *Strickland* at 690. In his motion, Rogers alleges that Cooley's counsel was deficient because he advised Rogers to decline a plea offer based upon the incorrect advice that he could not be convicted of the conspiracy count if he was acquitted on the use of a communication facility count. To support this claim, Rogers asserts that the transcripts show there was a "side bar" in which Cooley argued that Rogers could not be convicted on the conspiracy charge when the evidence was gathered from the use of a phone and Rogers was found not guilty of the crime of using a communication facility to commit a conspiracy.

However, Rogers assertions are belied by the record and Cooley's affidavit. First, the Court has reviewed the trial transcripts and cannot find the purported "side bar" in which Cooley states that Rogers cannot be convicted for the conspiracy count unless he is convicted of use of a communication facility count. The Court did find two exchanges with Cooley in which Cooley raises concerns about the conspiracy charge. In the first exchange, Cooley objects to the use of Jury Instruction 33 or number 5.06B from the Model Instructions. *USA v. Rogers*, 08-cr-3105-RED-10, ECF Doc. 515, pg. 115-17, 389-91. Cooley objects to the use of the jury instruction because the jury instruction allows the jury to determine that Rogers was a part of a conspiracy because he made an agreement with someone regardless of whether the person was a defendant or was shown to be part of the conspiracy. *Id*. This interpretation of the exchange is supported by the a reading of the instruction. In pertinent part the instruction states, "The Government must prove that the defendant [Rogers] reached an agreement or understanding with one other person. It makes no difference whether that person is a defendant or named in the indictment." *USA v. Rogers*, 08-cr-3105-Red-10, ECF Doc. 405, pg. 37. Under a plain reading of the

instruction and the transcript, it is clear that Cooley was not confused about the nature of the law. Instead, it is evidence that Cooley understood the nature of the charges and was attempting to make the Government's case more difficult by requiring them to prove that the person Rogers entered into an agreement or understanding with was part of the conspiracy. More importantly, it is clear that this exchange does not support the proposition that Cooley misunderstood the law in that if Rogers was found not guilty of use of a communication facility that he could not be found guilty of the conspiracy as nothing in this exchange even mentions the use of a communications facility. In the second exchange, Cooley moves for a directed judgment of acquittal. *USA v. Rogers*, 08-cr-3105-RED-10, ECF Doc. 515, pg. 159-61, 433-35. In his motion, Cooley seeks a directed verdict on both counts. *Id.* Specifically, with regards to the conspiracy count, Cooley argues that there is a lack of submissible evidence to show a conspiracy and that the evidence really only supports a buyer/seller situation that would not rise to the level of conspiracy to distribute. *Id.* at 160-61; 434-35. While Cooley does seek a directed judgment of acquittal on both counts and discusses both counts, it is clear to that Cooley is not confused about the state of the law. In fact, Cooley understands the law quite well and is making a well thought out argument in an attempt to persuade the Court there was insufficient evidence of a conspiracy, not that Rogers could not be convicted of a conspiracy without being convicted of use of a communication device. Neither of these exchanges supports Rogers' assertion that Cooley misunderstood the law and gave him erroneous legal advice based on the theory that if Rogers was acquitted of the use of a communication facility charge, he would be acquitted of the conspiracy charge.

Second, Cooley, submitted an affidavit whereby he states that he advised Rogers that he

6

thought the Government's case was weak with regard to the use of a communication facility count and that he thought that Rogers had a good chance of being found not guilty on that count, which he ultimately was. In addition, Cooley states that he "did not advise Mr. Rogers that it was legally impossible for a conviction on the conspiracy if he won the substantive charge on involving the telephone" but that a not guilty verdict on the substantive count would not mean that he would be acquitted of the conspiracy charge. This evidence coupled with the record refutes any allegation set forth in Rogers' motion.

In addition to the evidence from the record and Cooley's affidavit, in his Reply (Doc. 10) Rogers abandons his first argument by raising a second reason, which is at odds with the reason set forth in his motion, for finding that he was denied effective assistance of counsel. In his memorandum supporting his § 2255 motion Rogers asserts that he was denied effective assistance of counsel because Cooley's erroneous advice caused Rogers to reject a plea offer he otherwise would have accepted. However, in his Reply, Rogers does not address the Government's argument that Cooley never advised Rogers that an acquittal on the use of a communication facility count would mandate an acquittal on the conspiracy count. Instead, Rogers contradicts his previous motion and the record by stating that Cooley never presented the plea offer until after the trial.

Once again this statement is belied by the record in this case. In his § 2255 motion, Rogers admits to having been told of the plea agreement as he argued that he received erroneous advice to reject the plea offer. He could not have received erroneous advice to reject the plea offer without knowing about the plea offer. In addition, the trial record is replete with references to the plea agreement the Government offered to Rogers and accordingly, if Rogers was unaware

7

of the plea offer prior to trial, he most certainly would have been aware of offer before the conclusion of the case because the agreement was referenced throughout trial. As with his previous argument, Rogers' current argument is unsupported by any evidence and is belied by the record.

Since Rogers has done nothing more than present conflicting statements regarding what his actual claim is, he has not presented any evidence to support his positions, and the record clearly shows that his arguments has no merit, Rogers has not met his burden of showing that his Cooley's counsel was ineffective, as required under the first prong of *Strickland* and is not entitled to relief under 28 U.S.C. § 2255.

In addition to his failure to show that Cooley's performance was defective in any way, Rogers has not been able to establish that he suffered prejudice as required under *Strickland*'s second prong. For Rogers to be successful in his claim that Cooley's assistance was ineffective, he would need to demonstrate that he suffered prejudice as a result of his counsel's alleged failure. This prong "requires proof 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Lawrence* at 115. As the burden is on Rogers and he has not shown that Cooley provided him with erroneous legal advice, he cannot show any prejudice and his claims fail as to *Strickland*'s second prong.

**II.     The Court will not hold an evidentiary hearing on any of Rogers' claims.**

The Court will not conduct an evidentiary hearing on Rogers' claims, as they are allegations that are either "contradicted by the record, inherently incredible, or conclusions rather than statements of fact," or are allegations that even if they are accepted as true, do not entitle Rogers to relief. *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011). As

discussed in the preceding section, Rogers' claim is inherently incredible, a conclusive, self-serving statement and is refuted by the record. Therefore, Rogers is not entitled to an evidentiary hearing.

**III.     The Court will not grant a certificate of appealability on any claim.**

The final issue is whether the Court should grant or deny a certificate of appealability. A court should issue a certificate of appealability if the movant can make a substantial showing of the denial of a constitutional right, that the issues are debatable among reasonable jurists, or that the issues deserve further proceedings. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 44 (2000). The merits of Rogers' claims have been addressed. Moreover, the lack of evidence, contradictory nature of the arguments, conclusory fashion in which the arguments are raised, and the lack of support in the record does not warrant a certificate of appealability. Accordingly, this Court will not issue a certificate of appealability.

## CONCLUSION

For the reasons above, Rogers' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The Clerk of the Court is directed to mail a copy of this Order via certified mail, return receipt requested, to: John Travis Rogers  #21111-045, Medical Center for Federal Prisoners, P.O. Box 4000, Springfield, Missouri 65801.

**IT IS SO ORDERED**.

DATED:    January 2, 2013                               */s/ Richard E. Dorr*
                                                       RICHARD E. DORR, JUDGE
                                                       UNITED STATES DISTRICT COURT